**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| MAURICE LOWERY, | : | |
|  | : | Civil No. 08-3911 (RBK) |
| Petitioner, | : | |
|  | : | |
| v. | : | |
|  | : | **OPINION** |
| WARDEN J. GRONDOLSKY, | : | |
|  | : | |
| Respondent. | : | |

**APPEARANCES:**

>   MAURICE LOWERY, Petitioner pro se
>   #30669-160
>   F.C.I. Fort Dix
>   P.O. Box 2000
>   Fort Dix, New Jersey 08640
>
>   CHRISTOPHER J. CHRISTIE, United States Attorney
>   PAUL A. BLAINE, Assistant U.S. Attorney
>   Office of the U.S. Attorney
>   401 Market Street, Fourth Floor
>   Camden, New Jersey  08101
>   Attorneys for Respondent

**KUGLER, District Judge**

Petitioner, Maurice Lowery ("Lowery"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Lowery names Warden Grondolsky, the Warden at FCI Fort Dix where petitioner is confined, as the party respondent in this action.

On October 3, 2008, after receiving leave of this Court, the Government filed a motion to dismiss the petition for lack of jurisdiction. Petitioner has not replied to the Government's motion. This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition for lack of jurisdiction.

## I. BACKGROUND

The following facts are taken from the petition, responsive brief, and the relevant record submitted by the Government. On or about September 11, 2006, Lowery was sentenced in the United States District Court for the Northen District of Ohio, pursuant to a conviction by guilty plea, to an aggregate 37-month prison term to be followed by a three-year term of supervised release on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On July 5, 2007, Lowery was convicted in an Ohio state criminal court on a charge of "having a weapon under disability." He was sentenced to serve an additional two-year prison term consecutive to his federal sentence imposed on September 11, 2006. Lowery alleges that the criminal conduct underlying his state court conviction was the same as that for which he was convicted and sentenced on Count Two in his federal case.

Lowery now asserts that he is entitled to a sentence adjustment, pursuant to United States Sentencing Guidelines

("U.S.S.G.") §§ 5G1.3(b)(1) and (2), to adjust his federal prison term by two years to compensate him for the additional two-year prison term imposed in state court.

The Government states that the docket in his federal criminal case shows that Lowery has not sought any post-sentencing relief for adjustment of his sentence. Lowery also does not allege that he had ever sought similar relief from the Ohio state court with regarding to his sentencing. Instead, Lowery argues that he is now barred from collaterally attacking his federal sentence pursuant to his plea agreement. Therefore, he seeks relief from this Court under 28 U.S.C. § 2241.

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence

in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of

6

conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, this Court finds that Lowery has not made any showing that he is entitled to relief under § 2241 based on the narrow exception that § 2255 is "inadequate or ineffective."  See Dorsainvil, supra.[3]  Lowery simply argues that relief under § 2255 is "inadequate or ineffective" because he could not collaterally attack his federal sentence due to his plea agreement.  Lowery does not explain, however, why he did not seek to challenge his sentence in state court; nor does he indicate how the plea agreement precluded him from making a § 2255 motion for a sentence adjustment based on his state court sentence that was related to his federal conviction.

Clearly then, Lowery does not meet the stringent standard under Dorsainvil to raise his claims in a § 2241 habeas petition rather than a motion under § 2255.  Lowery has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.

---

[3] In Dorsainvil, the Third Circuit held that, in order for a petitioner to claim § 2255 is "inadequate or ineffective," he must show (1) that he is innocent of the crime for which he was convicted and is being punished for an act that the law does not make criminal, pursuant to a previously unavailable statutory interpretation by the Supreme Court that changed the substantive law and which applies retroactively; (2) that he had no earlier opportunity to raise the claim; and (3) that he cannot raise the claim under § 2255.  Dorsainvil, 119 F.3d at 248-52.

He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. There are no arguable claims of actual innocence (since Lowery pled guilty to the federal charges), and Lowery alleges no exceptional circumstances that would overcome the gatekeeping requirements set forth in § 2255.

Therefore, this Petition must be considered as a motion under § 2255, which should be brought before the sentencing court, in this instance, the United States District Court for the Northern District of Ohio.[4] Consequently, this Court lacks jurisdiction over the petition and it should be dismissed accordingly.

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, the Court will not issue a Miller Notice and Order, which is typically provided to give fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. See United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Here, Lowery has indicated that he seeks only a narrow ruling concerning the adjustment of his federal sentence; he does not indicate any intention of challenging the legality of his conviction or his federal sentence for any other reason based on his plea agreement. Moreover, Lowery's petition evinces his general and basic knowledge of the requirements in bringing a § 2255 motion. Therefore, this Court sees no purpose in serving a Miller notice here, and leaves any decision with respect to the need for that type of notice to be determined by the Northern District of Ohio.

Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, this Court finds that it would be in the interests of justice to transfer this petition to the United States District Court for the Northern District of Ohio because Lowery has not yet filed a § 2255 motion, and at the time he filed the instant petition, he may have been considered timely under § 2255(f)(4).[5]  Therefore, this petition will be transferred to the Northern District of Ohio for consideration.

---

[5]  Under § 2255, a one-year period of limitation provides that an applicant can file for collateral review of his federal conviction one year from the latest of four specific events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion from such government action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

III. <u>CONCLUSION</u>

For the reasons set forth above, this action will be transferred to the United States District Court for the Northern District of Ohio because the Court lacks jurisdiction over the instant petition. An appropriate order follows.

<u>S/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

Dated: April 6, 2009